**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


STEVEN A. ZIMMER            :       CIVIL ACTION
                                     :
           v.                    :
                                     :
COOPER NEFF ADVISORS, INC.,     :       NO.  04-3816
et al.


## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                           **SEPTEMBER 26, 2008**

      Presently before the Court is Defendant Cooper Neff Advisors, Inc.'s ("Cooper Neff")

Renewed Motion to Compel Arbitration And Staying Proceedings.  The procedural history of this

case is set forth in Zimmer v. Cooper Neff Advisors, Inc., 523 F.3d 224 (3d Cir. 2008),

remanding the case to this Court to consider whether Plaintiff Steven A. Zimmer ("Zimmer") has

proven the prejudice necessary for a finding that Cooper Neff waived its right to arbitration.

## I. FACTS

      Cooper Neff is a financial trading and investment firm, which uses several different

models in the management of hedge funds.  Zimmer is an individual who has been employed in

the financial industry for many years.  Zimmer is the maker and developer of a computer program

designed to analyze and rank stocks in the public market ("the Model").  In 2002, Zimmer began

negotiations with several different financial institutions, including Cooper Neff, regarding

possible opportunities of employment.  Cooper Neff presented Zimmer with a formal offer of

employment by letter dated February 6, 2003.  Zimmer accepted Cooper Neff's offer, and began

working at Cooper Neff on March 26, 2003.

      On this date, Cooper Neff presented Zimmer with a copy of Cooper Neff's standard form

of employee agreement ("Employment Agreement").  The Agreement contained two provisions

that are of particular relevance to this dispute.  First, Paragraph 6 of the Employment Agreement

reads:

> All software, programs, inventions, trade secrets, patentable or
> copyrightable items, Confidential Information and any other item of
> intellectual property that (I) may arise (in whole or in part) as a
> result of your joint or sole efforts during employment with the
> Company that in any way related to the business of the Company or
> any affiliate or that might (if developed, pursued, or the like) give
> the Company or such affiliate a financial benefit, or (ii) that you
> invented, discovered, produced or the like using (in whole or in
> part) any of the Company's resources or on Company time,
> regardless of whether it relates to the Company's business
> (collectively referred to as "Converted Intellectual Property") will
> be the sole and exclusive property of the Company.

(Zimmer Br., Ex. D, ¶ 6.)

Secondly, Paragraph 8 of the Agreement contained an arbitration clause that reads as follows:

> The types of claims and disputes that will be resolved under these
> procedures include all claims and disputes arising under this
> agreement or in connection with your employment by the
> Company; all claims arising from the terms and conditions of your
> employment; all claims arising from the termination of your
> employment . . . . However, the Company retains the right to bring
> any claims to enforce any of its rights in paragraph 6 of this
> agreement directly in a court of competent jurisdiction and the
> Company need not arbitrate any such claims.

(Zimmer Br., Ex. D, ¶ 8.)

Zimmer initially refused to sign the Employment Agreement; however, he did eventually

sign it sometime in May 2003.  In June 2004, Zimmer informed Cooper Neff that he would be

leaving the company as of July 2, 2004 to work for a competitor of Cooper Neff.  Zimmer alleges

that upon learning of his intention to leave the company, Cooper Neff requested that he stay on

for an additional two weeks, so that they could obtain important information pertaining to the Model.  After obtaining the needed information, Zimmer alleges that Cooper Neff abruptly terminated him on June 30, 2004, and filed suit against him the next day in Pennsylvania state court.  In its state court Complaint, Cooper Neff contends that Zimmer continued to develop the Model while being employed by them, and therefore, under the terms of paragraph 6 of the Employment Agreement, the Model belongs to them.  As such, the Complaint sought a temporary restraining order ("TRO") barring Zimmer's use of the Model at his new place of employment.[1] Both parties agree that during the course of these proceedings, a total of three depositions were taken, with Cooper Neff taking one deposition and Zimmer taking two.  On July 1, 2004, the Montgomery County Court of Common Pleas entered the TRO against Zimmer, enjoining his use of the Model.

In July 2004, Zimmer removed the state court action to this Court and filed his own Complaint, seeking a TRO and preliminary injunction against Cooper Neff's use of the Model. On August 5, 2004, Cooper Neff moved to remand the matter to state court, and on August 6, 2004, this Court granted Cooper Neff's Motion to Remand.  On August 11, 2004, Zimmer filed a new action in this Court, again seeking a TRO and preliminary injunction against Cooper Neff's use of the Model.  This Court held a hearing on Zimmer's request for a TRO on August 18, 2004. By Order of August 19, 2004, after nearly a full day of hearings on the matter, this Court granted Zimmer's request for a TRO.  We then scheduled a Preliminary Injunction Hearing for September 21, 2004.  On September 20, 2004, the day before the Preliminary Injunction Hearing was scheduled, Cooper Neff moved to stay the proceedings in this Court and to compel arbitration

---

[1] Additionally, the Complaint asserted claims for inadequacy of legal relief, breach of contract, misappropriation of trade secrets, breach of fiduciary duty, conversion, and unfair competition.

3

pursuant to the terms of paragraph 8 of the Employment Agreement.  We heard oral argument on the Motion to Compel the following day, and denied the Motion.  Following argument on the Motion to Compel, this Court heard two days' of hearings on Zimmer's Motion for Preliminary Injunction.  Cooper Neff filed a Renewed Motion to Compel on September 22, 2004.  By Order dated September 23, 2004, we denied Zimmer's Motion for Preliminary Injunction.

This Court heard argument on Cooper Neff's Renewed Motion to Compel on October 28, 2004.  On December 20, 2004, we determined that Cooper Neff had waived its right to compel arbitration by initiating suit against Zimmer in Pennsylvania state court and by continuing to litigate its case in the court system.  Cooper Neff appealed this Court's findings to the Third Circuit Court of Appeals.  On April 14, 2008, the Third Circuit vacated the December 20, 2004 Order, and remanded the case to this Court for a determination as to whether Zimmer had proven the requisite prejudice needed for waiver.  We address that issue now.

## II. DISCUSSION

"[T]he prevailing mood is to favor arbitration as an effective method of dispute resolution."  Zimmer v. CooperNeff Advisors, Inc., 523 F.3d 224, 231 (3d Cir. 2008).  Waiver of arbitration rights is not to be "lightly inferred" by federal courts.  Paine-Weber Inc. v. Faragalli, 61 F.3d 1063, 1068 (3d Cir. 1995) (citing Gavlick Constr. Co. v. H.F. Campbell Co., 526 F.2d 777, 783 (3d Cir. 1975)). Usually, waiver will only be found "where the demand for arbitration came long after suit was commenced and the parties have engaged in extensive discovery." Id. at 1968-69; Zimmer, 523 F.3d at 231-32.  Nonetheless, a party may waive its right to compel arbitration where the party's conduct acts to prejudice the non-moving party.  Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 926 (3d Cir. 1992).  Prejudice is the touchstone for

4

determining whether a party has waived its right to arbitration. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 222 (3d Cir. 2007) (citing Hoxworth, 980 F.2d at 925). To establish waiver, the party opposing arbitration has the burden of proving by clear and convincing evidence that the moving party acted in a manner inconsistent with arbitration and that these inconsistent acts have prejudiced the non-moving party. Davis-Clemens Const. Co., Inc. v. S.I.W. Intern., Inc., No. 90-7195, 1992 WL 102877, at * 3 (E.D. Pa. May 6, 1992). The Third Circuit has identified several non-exclusive factors relevant to a finding of prejudice, including:

> [1] the timeliness or lack thereof of a motion to arbitrate... ; [2] the degree to which the party seeking to compel arbitration [or to stay court proceedings pending arbitration] has contested the merits of the opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial] court's pretrial orders; and [6] the extent to which both parties have engaged in discovery.

Ehleiter, 482 F.3d at 222. Thus, in deciding whether Cooper Neff has waived its right to arbitration, we must determine whether Zimmer has demonstrated prejudice.

Zimmer argues that he was prejudiced because Cooper Neff chose to invoke the judicial process in obtaining a TRO against him, and only later moved to compel arbitration after receiving an unfavorable ruling from this Court. He further asserts that Cooper Neff's state court Complaint was not limited to preliminary relief, but instead, sought several additional claims. As a result of Cooper Neff's choice to litigate this case in the court system, Zimmer argues that he was forced to incur significant legal fees in defending the state court case and in responding to Cooper Neff's allegations before this Court. Furthermore, Zimmer argues that Cooper Neff took advantage of expedited discovery before this Court, took part in motions practice on the merits of

the parties' claims, and assented to this Court's pretrial Orders.  As a result, Zimmer asserts that Cooper Neff has chosen to litigate this case in the courts and has waived its right to arbitration.

In contrast, Cooper Neff argues that it had limited involvement with the court system before making its Motion to Compel Arbitration, and that the Motion was timely made.  First, it argues that its Motion to Compel was made only six weeks after the filing of Zimmer's Complaint in this Court and three months after the filing of the state court Complaint.  Also, while it acknowledges that its state court Complaint was not limited to a request for preliminary relief, it argues that it has made no attempt to pursue its remaining claims.  Finally, it asserts that any discovery or motion practice has been directed solely toward its requests for preliminary relief.  As a result, Cooper Neff asserts that it has not waived its right to arbitration.

First, while the fact that Cooper Neff initiated the litigation process is relevant to the prejudice inquiry, that fact alone is not dispositive.  See Zimmer, 523 F.3d at 232; Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1479-80 (2d Cir. 1993).  Parties often seek preliminary relief from the courts and later seek arbitration.  This is true because parties often need a forum that can act promptly to protect their interests.  See Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir. 1989).  While Cooper Neff's state court Complaint was not limited to its request for a TRO, it is not unusual that a party would assert all of its claims at the outset, and furthermore, it has not advanced any of its remaining claims at this time.  Additionally, many courts have found that a party does not waive its right to arbitrate by first seeking preliminary relief from the court system.  See, e.g., id. Thus, while we may consider the fact that Cooper Neff initiated the litigation in our prejudice inquiry, that fact alone will not establish waiver.

6

Next, it is highly relevant that Cooper Neff moved to compel arbitration only six weeks after Zimmer filed his Complaint with this Court and only three months after the filing of the action in the Montgomery County Court of Common Pleas.  Numerous courts have found no waiver in situations where a great deal more time had passed before the moving party sought to compel arbitration.  See, e.g., Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 722 (E.D. Pa. 2005) (finding no waiver after delay of seven months); Bellevue Drug Co. v. Advance PCS, 333 F. Supp. 2d 318, 326 (E.D. Pa. 2004) (finding no waiver after ten-month delay); Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 1995) (no waiver after approximately five weeks).  While the length of the delay alone is not determinative of the issue of waiver, Palcko, 372 F.3d at 598, the fact that Zimmer was not forced to endure the time and expense of lengthy litigation weighs against a finding of prejudice.  Id.

Zimmer next asserts that Cooper Neff used the judicial process to obtain expedited discovery, that it engaged in significant motions practice, and that it assented to this Court's pretrial Orders.  While the parties have engaged in some discovery and motions practice, a review of the case reveals that the discovery and motions practice was limited to the issue of preliminary relief.  As noted above, the parties engaged in a total of three depositions in the state court case. In the case before this Court, discovery was limited to interrogatories and requests for documents. (Zimmer Br. 7) (outlining course of discovery).  Over the course of the litigation, Cooper Neff moved for a special injunction, an Order of Contempt and Sanction, and a preliminary injunction. Zimmer filed oppositions to Cooper Neff's motions, and also moved for sanctions and for a preliminary injunction.  Thus, the extent of the parties' motion practice was directed toward obtaining preliminary relief.  None of the filings reached the final disposition of the claim, but

instead were directed at either obtaining or opposing the grant of a preliminary injunction. Consequently, this Court's pretrial Orders were all directed at the parties' motions for preliminary relief.  None of this Court's pretrial Orders addressed the merits of the parties' claims.  In fact, this Court has yet to issue a Rule 16 Order in this matter.  Even coupled with the TRO hearing and the hearing on the preliminary injunction, limited discovery and motion practice of this nature is not enough for a finding that Cooper Neff waived its right to arbitration.  See, e.g., Bellevue Drug, 333 F. Supp 2d at 326 (finding no waiver after ten-month delay where parties engaged in motions practice, but no Rule 16 or case management Orders had issued).  As such, these factors weigh against a finding of prejudice.

Lastly, we note that Cooper Neff had no incentive to move to compel arbitration as a matter of forum shopping.  This Court denied Zimmer's request for a preliminary injunction on September 23, 2004.  As such, Cooper Neff had not received an unfavorable ruling that would have induced it to seek arbitration as an alternative to litigating before this Court.

Keeping in mind that arbitration is generally favored by courts for the resolution of disputes, coupled with the fact that the burden falls on Zimmer to prove prejudice by clear and convincing evidence, we do not find that Zimmer has met his burden of establishing prejudice. While Zimmer was likely inconvenienced by litigating the initial aspects of this case in court before being forced into arbitration, the facts and circumstances of this case do not meet the standards for prejudice set forth by the Third Circuit.  As such, we find that Cooper Neff has not waived its right to arbitrate this dispute.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


STEVEN A. ZIMMER                    :        CIVIL ACTION
                                    :
              v.                    :
                                    :
COOPER NEFF ADVISORS, INC.,         :        NO.  04-3816
et al.


## O R D E R

     **AND NOW,** this          day of September, 2008, upon consideration of the Renewed

Motion to Compel Arbitration And Staying Proceedings filed by Defendant Cooper Neff

Advisors, Inc., (Doc. No. 34), and the responses thereto, it is hereby **ORDERED** that the Motion

to Compel is **GRANTED**.


                                BY  THE  COURT:


                                <u>Robert F. Kelly</u>
                                ROBERT  F. KELLY
                                SENIOR  JUDGE